WINSLOW BROS. & SMITH COMPANY, Plaintiff, v. GRACE STEAMSHIP COMPANY and Others, Defendants.

City Court of New York, February 9, 1929.

————— —————, for the plaintiff.

————— —————, for the defendants.

GEISMAR, J. There are three motions here. As to motion No. 1, the complaint states in one cause of action four different and separate shipments, and nowhere alleges that all are included under

one and the same contract of carriage. Indeed, it is a fair inference, since the dates, the lines and the places of shipment are different in nearly all of the four transactions, that they form separate and distinct transactions predicated upon four separate bills of lading. Therefore, the motion to compel plaintiff to state separately and number must be granted.

The complaint further alleges two distinct causes for this action, one sounding in contract for a breach thereof and the second for unjustifiable deviation sounding in negligence. Clearly the liability flowing out of these alleged acts is of a different kind in each. Paragraph " twelfth " of the complaint says: " Plaintiff alleges that defendants are liable in the premises, either by virtue of the common carrier relationship, or by reason of the deviation, or both." I am constrained to hold that this is not good pleading, that these are separate causes of action which must be stated separately in two counts, and the motion to compel separation must be granted.

As to motion No. 2-a, the plaintiff being in doubt as to which defendant is liable, or how far liable, or whether as agent or as principal, disclosed or undisclosed, may join all these defendants under sections 211, 212 and 213 of the Civil Practice Act. The motion to make more definite and certain in this respect is denied. Such information is properly the subject-matter of a demand for a bill after answer served.

As to motion No. 2-b, to compel plaintiff to state the cause of the damaged condition, this must be granted, as such knowledge is essential for defendants to plead.

As to motion No. 3, paragraphs " ninth " and " twelfth " of the complaint are purely conclusory statements of law in their present form, and the motion to strike them out is granted. It will be found unquestionably in a new, properly amended, complaint that such conclusions will naturally flow forth from the facts when clearly separately, and logically pleaded, so that no temptation will be felt to plead that which is the well-known law of the case.

Settle order on two days' notice. No costs.